FILED

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF** 2023 MAR 29  AM 11: 29
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: | MIDDLE | |
|---|---|---|---|
| Name (under which you were convicted): GARRETT LEE AVANT | | | Docket or Case No.: 2:23CV215-SPGKCD |
| Place of Confinement : OKEECHOBEE CORRECTIONAL INSTITUTION | | Prisoner No.: 501284 | |
| Petitioner (include the name under which you were convicted) GARRETT LEE AVANT | v. | Respondent (authorized person having custody of petitioner) RICKY D. DIXON, SEC'Y, FL DEP'T OF CORRECTIONS | |
| The Attorney General of the State of: | | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   12TH JUDICIAL CIRCUIT COURT, DESOTO COUNTY, FLORIDA
   115 E. OAK ST., ARCADIA, FL 34266

   (b) Criminal docket or case number (if you know): 2015-CF-397

2. (a) Date of the judgment of conviction (if you know): January 4TH, 2018

   (b) Date of sentencing: January 8TH, 2018

3. Length of sentence: Life without parole + 30 years F.D.O.C.

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   1. Burglary with damage in excess of $1,000 (Life);
   2. Arson 1ST Degree (30 years)
   3. Battery (Time Served)

6. (a) What was your plea? (Check one)

   ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   2ⁿᵈ District Court of Appeal

(b) Docket or case number (if you know):   2D18-0204

(c) Result:   Per Curiam Affirmed Without Opinion.

(d) Date of result (if you know):   September 27, 2019

(e) Citation to the case (if you know):   Avant v. State, 284 So.3d 454 (Fla. 2ⁿᵈ ACA 2019)

(f) Grounds raised:   1. Trial court erred in denying JOA where State's proof of Venue was insufficient as a matter of law; 2. Trial court abused discretion in allowing hearsay that was inadmissible; 3. Trial court abused discretion by allowing transcript instead of audio recording; 4. Trial court imposed a Vindictive Sentence.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:   Not allowed Without Opinion.

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _12ᵀᴴ Judicial Circuit Court, DeSoto County_

(2) Docket or case number (if you know): _2015 - CF-397_

(3) Date of filing (if you know): _March 22, 2020_

(4) Nature of the proceeding: _Motion For Postconviction Relief (3.850)_

(5) Grounds raised: _1. I.A.C. for failure to object to Double Jeopardy;_
_2. I.A.C. for failure to provide Statement of Particulars;_
_3. I.A.C. for failure to challenge incorrect Scoresheet and_
_thus failing to negotiate favorable pleadeal; 4. I.A.C. for_
_failure to provide exculpatory G.P.S. cell phone data_
_showing petitioner could not have committed crimes; 5._
_I.A.C. for failure to file Motion to Suppress evidence;_
_6. I.A.C. for failure to advise Petitioner of Conflict; 7._
_Jury Inst. missing info. 8-13. Failure to Call witnesses (expert; laymen)._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: _Dismissed w/out prejudice to file Amended Motion._

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _April 8th, 2020_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _12th Judicial Circuit Court, DeSoto County_

(2) Docket or case number (if you know): _2015-CF-0397_

(3) Date of filing (if you know): _October 19, 2020_

(4) Nature of the proceeding: _Amended Motion For Postconviction Relief_

(5) Grounds raised: _1. I.A.C. for failure to object to illegal sentence; 2. I.A.C. for failure to investigate & present alibi defense; 3. I.A.C. for failure to file motion to suppress inaudible cellphone voicemail messages; 4. I.A.C. for failure to insist on lesser included offenses to be included in jury verdict forms; 5. Cumulative I.A.C. claim._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Although still in 2 year time limit, Court dismissed as untimely_

(8) Date of result (if you know): _March 21, 2022_

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _2nd District Court of Appeal_

(2) Docket or case number (if you know): _2D21-1268_

(3) Date of filing (if you know): _October 1st, 2021_

(4) Nature of the proceeding: _Habeas Corpus / Ineffective Appellate Counsel_

(5) Grounds raised: _1. I.A.A.C. failure to raise insufficiency of evidence regarding dollar amount of damage during burglary; 2. I.A.A.C. for failing to raise lower tribunal's failure to conduct a Faretta hearing after an unequivocal request for self-representation._

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Per Curian Denied_

(8) Date of result (if you know): _April 28, 2022_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☑ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_DCA did not provide an opinion, thus barring further_
_review. (2021-1268)_

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _The Trial Court erred in denying JOA in violation of due_
_process clause for the battery and burglary charges_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The state failed to establish venue for the offense of burglary and battery_
_by a preponderance of the evidence. It cannot fairly be said that_
_the locality referred to in the testimony as the place where the_
_offenses occurred is known or probably known / familiar to the jury._
_There were no significant landmarks identified during the witness's_
_testimony. As such, the JOA should have been granted. U.S.C.A. 6, 14._

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

AO 241 (Rev. 09/17)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes      ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: This was direct appeal of judgment and conviction.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 2nd DCA ; Florida

Docket or case number (if you know): 2018 - 0204

Date of the court's decision: September 27, 2019

Result (attach a copy of the court's opinion or order, if available): Per Curian Affirmed Without Opinion.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

_____

_____

**GROUND TWO:**   TRIAL COURT ABUSED DISCRETION IN ALLOWING STATE TO READ

AFFIDAVIT OF VICTIM INTO EVIDENCE IN VIOLATION OF U.S.C.A. Amend 6, 14.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court abused its discretion in allowing the victim to read her sworn statement made to the deputy into evidence as a prior inconsistent statement. The statement constituted hearsay and was not admissible. The admission of this statement was not harmless error beyond a reasonable doubt. The jury's note requesting the victim's testimony on the day of the incident establishes that the error contributed to the verdict, U.S.C.A. Amend. 6, 14.

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why:   Raised on Direct Appeal.

_____

_____

_____

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _September 27, 2019_

Result (attach a copy of the court's opinion or order, if available): _Per Curiam Affirmed_ _Without Opinion._

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _2nd DCA ; Florida_

Docket or case number (if you know): _2D18 - 0204_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_____

**GROUND THREE:** _THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING_ _READING OF TRANSCRIPT VERSUS AUDIO RECORDED VERSION._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The trial court abused its discretion in allowing the State to read a transcript of an audiotaped voicemail call made by petitioner during closing argument. The audiotape should have been played instead. The error was compounded when the trial court failed to re-instruct jury that transcript was not evidence, in violation of U.S.C.A. 6, 14._

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _Raised on Direct Appeal._

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

_____

_____

**GROUND FOUR:**  TRIAL COURT IMPOSED A VINDICTIVE SENTENCE OF LIFE PLUS THIRTY YEARS WHEN STATE HAD MADE 22-YEAR PLEA OFFER.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial judge's imposition of a life sentence on the burglary plus thirty years on the arson conviction was vindictive when the State had made a plea offer of 22 years prior to trial. The Sentences imposed are the maximum Sentences permitted by law and are significantly longer than the plea offered by the State. There are no facts in the record that explain the reason for the increased Sentence except that Petitioner excercised his right to trial by jury. U.S.C.A. 6, 8, 14.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  Raised on Direct Appeal.

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

*12 (a)*

<u>LEGAL MEMORANDUM FOR</u>
<u>GROUNDS FIVE THROUGH TWELVE</u>

<u>ISSUE ONE</u> : The Petitioner, although missing a
Court ordered deadline to amend his brief by
only a couple of days, filed his "Amended Motion
for Postconviction relief well within the two-year
time limit allowed under 3.850, Fla. R. Crim. P.,;
thus, his motion was not "successive" or "untimely",
and should have been ruled on the merits. See,

<u>Jefferson V. State</u>, 292 So.3d 560 (Fla. 2d DCA 2020),
quoting <u>Norris V. State</u>, 832 So. 2d 969, 970 (Fla.
2d DCA 2002) ("A defendant may amend a rule
3.850 motion if the trial court has not yet
ruled on [the merits] of the claims] and the
amendment is filed within the two-year time limit").

<u>Gillins V. State</u>, 56 So.3d 902 (Fla. 5TH DCA 2011) Id at 904:
(Gillins' <u>second</u> rule 3.850 was not time-barred;
as it was filed within the two years time limit.
Only claims originally ruled on [the merits]
are considered "successive". The non-successive
claim [s] require reversal to be heard); See
also <u>Edwards V. State</u>, 963 So. 2d 296 (Fla. 4TH
DCA 2007)

<u>ISSUE TWO</u>: For Purposes of Federal Review,
Petitioner's "dismissed" claims are not barred
from federal review.

<u>Dinnall V. Sec'y, Dep't of Corr.</u>, 2020 U.S. App.
LEXIS 28407 (11TH Cir. 2020), quoting <u>Pope V.</u>
<u>Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1286 (11TH Cir. 2012)

12 (b)

("However, the 11ᵗʰ circuit has previously held
that "A Florida State Court's dismissal of a
post-conviction claim for facial insufficiency
constitutes – at least for purposes of the procedural
default analysis – a ruling 'on the merits' that
is not barred from [their] review").

12 (c)

GROUND FIVE : DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT
OBJECTING TO DOUBLE JEOPARDY VIOLATION

Supporting facts: Petitioner was charged, convicted &
sentenced for the battery twice in his case, in violation
of the U.S. Constitutional protection against double
jeopardy, as the battery conviction was the same
as the underlying crime in the burglary.

GROUND SIX : COUNSEL WAS INEFFECTIVE FOR FAILURE TO
DEMAND THE STATE PROVIDE A PROPER STATEMENT OF PARTICULARS

Supporting facts: Although the State responded to
the Defense's Request for a Statement of Particulars,
their response merely redacted Petitioner's address
on one and added David Morr as the property owner
on the other charge, leaving the body of the inform-
ation void of any time the alleged burglary or
arson occurred — a fact that was crucial to his
alibi defense.

GROUND SEVEN : COUNSEL WAS INEFFECTIVE FOR FAILURE
TO INVESTIGATE AND CORRECT PETITIONER'S SCORESHEET
WHERE THE INCORRECT ONE CONTRIBUTED DIRECTLY TO
PETITIONER'S DECISION TO REFUSE THE STATE'S PLEA OFFER

Supporting facts: Without a correct scoresheet presented
to Petitioner by counsel, Petitioner couldn't make
an informed, knowing decision of whether or not
the State's offer was reasonable or not. Therefore,
it directly affected Petitioner's decision to turn
down the plea and proceed to trial.

12 (d)

GROUND EIGHT : COUNSEL FAILED TO OBTAIN AND USE EXCULPATORY EVIDENCE. TO WIT : Global Positioning Satellite FROM A CELLPHONE IN PETITIONER'S CUSTODY TO PROVE HIS ALIBI DEFENSE

Supporting facts: On the day of the alleged crimes Petitioner was in possession of a cell phone belonging to Tanya Nelson. Officer Kyle Paeplow, Sgt. Robert Woods, David Morr, Aliana Nelson and Tanya Nelson all testified that the Petitioner was in actual possession of this cell phone. These records would have conclusively shown that it was impossible for Petitioner to have committed these crimes on the date and time claimed.

GROUND NINE : COUNSEL FAILED TO FILE A MOTION TO SUPPRESS INAUDIBLE VOICEMAIL RECORDINGS.

Supporting facts: Petitioner, on the day of the alleged crime(s), was in possession of Tanya Nelson's cellphone (an undisputed fact). The State, by a far stretch, alleged the voicemails on the cell phone inferenced that a fire was set and that the voice on the messages was the Petitioner. However, the quality of the recordings was so degraded that the clear portions could easily be taken out of context. Petitioner asked Counsel to suppress the audio recordings, but Counsel failed/refused to do so.

12 (e)

GROUND TEN: COUNSEL FAILED TO OBJECT TO THE EXCLUSION OF ANY PERMISSIBLY INCLUDED LESSER OFFENSE TO THE CHARGES OF BURGLARY AND ARSON

Supporting facts: Although Burglary and/or Arson do not have any necessarily included offenses (Category 1), Burglary has a permissible offense of Trespass and Arson has a permissible offense of Criminal Mischief. Because "Criminal Mischief" is a misdemeanor (beneath Arson), had the jury found Petitioner guilty of this misdemeanor lesser offense, the Crime of Burglary could not have stood. Therefore, with a lesser instruction of Trespass (the lesser of Burglary), the jury could only have found him guilty of Trespass, because there would be no underlying Felony.

GROUND ELEVEN: COUNSEL FAILED TO CALL AN EXPERT WITNESS AND/OR PROVIDE PETITIONER'S MEDICAL RECORDS TO SHOW THAT IT WAS PHYSICALLY IMPOSSIBLE FOR HIM TO COMMIT THE BURGLARY AND/OR THE ARSON OFFENSES

Supporting facts: Petitioner's Neurological Surgeon, or any other specialist or Petitioner's existing medical records were available to Counsel. Petitioner told his Counsel that the records were available, and asked Counsel to speak to his Neurosurgeon or another expert whom could testify that due to Petitioner's disability, it was impossible for him to have physically committed the Burglary (which included kicking a door off its hinges) and the Arson.

12 (f)

GROUND TWELVE: COUNSEL FAILED TO CALL MATERIAL
WITNESS CAPTAIN HARVEY SWEETING TO TESTIFY
TO EXCULPATORY FACTS NOT KNOWN TO ANYONE ELSE

Supporting facts: Firefighter Capt. Harvey Sweeting
was the first responder on scene and was not
called to testify. Capt. Sweeting was employed
by DeSoto County Fire and Rescue and conducted
a 360° perimeter check of the property and there-
fore was a material witness as to the condition
of the front door. (Extensive damage was done to
the front door jam and it was removed completely
from the hinges. Any evidence that was overlooked
or undetermined by others at the scene would
have been testified to by Capt. Sweeting. The
condition of the door was an issue in trial,
and how it got removed from the hinges, and
if the door was open upon arrival. These facts
were material to the defense to the burglary
charge.

GROUND THIRTEEN: COUNSEL'S ERRORS/DEFICIENCIES
ALTHOUGH THEY MAY NOT RISE TO THE LEVEL OF
A CONSTITUTIONAL VIOLATION STANDING ALONE, WHEN
CONSIDERED IN TOTO, RISE TO SUCH A VIOLATION
OF THE SIXTH AMENDMENT

Supporting facts: Taking into consideration all of
the aforementioned errors and deficiencies of
Counsel, even if individually not rising to a
constitutional violation/deprivation under the
Sixth Amendment, when evaluated cumulatively,
amounted to such a violation. Strickland, 104 S.Ct. 2052 (1984);
DeShields V. Sharron, 333 Fed. Appx. 120 (3rd Cir. 2009).

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _Grounds 5-12 were dismissed as "legally" [sic] facially insufficient. However, see legal memorandum for grounds 5-12 on pages_ _____

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
_N/A_ _____
_____
_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☑ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____
_____
_____
_____
_____
_____
_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____
_____
_____
_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

PETITION IS TIMELY UNDER AEDPA.

_____

_____

_____

_____

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Hold a required evidentiary_ _hearing on all claims for relief, and grant habeas corpus_ _petition and relief sought, and/_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   _3·27·23_   (date).

PROVIDED TO OKEECHOBEE
CORRECTIONAL INSTITUTION
ON _3·27·23_ FOR MAILING
BY _US_

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____