UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARRETT LEE AVANT,

     Petitioner,

v.                            Case No.:  2:23-cv-215-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Garrett Lee Avant's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Avant challenges a state conviction of burglary, arson, and battery and a resulting prison sentence of life plus 30 years. Respondent argues the petition is untimely. The Court agrees.

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, sets a one-year period of limitation on the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or

> laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   Avant does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Avant's conviction became final.   28 U.S.C. § 2244(d)(1)(A).   The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

A jury found Avant guilty of battery, burglary of a dwelling, and first-degree arson on January 4, 2018, and the trial court sentenced him and entered judgment four days later.  (Doc. 10-2 at 9-11, 29).  Avant appealed, and the Second District Court of Appeal of Florida (2nd DCA) affirmed on September 27, 2019.  (*Id.* at 49).  The judgment became final 90 days later, when the time to petition the United States Supreme Court for certiorari expired.  *See Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617 (11th Cir. 2019).   The limitations period commenced on December 27, 2019, and ran for 86 days.

Avant constructively filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on March 22, 2020, tolling the limitations period. (Doc. 10-2 at 54-78). The state postconviction court found the motion facially insufficient and dismissed it with leave to amend. (*Id.* at 203-04). The court denied Avant's 3.850 motion with prejudice on October 8, 2020, because Avant had not filed an amended motion despite three extensions of the deadline. (*Id.* at 206-07).

Avant constructively filed an amended motion on October 19, 2020, before the deadline to appeal denial of the original motion. (Doc. 10-2 at 219-28). On April 4, 2022, the state court denied it as successive and untimely. (*Id.* at 231-32). The amended motion was not untimely under the state procedural rule—the deadline is two years after the judgment becomes final. Fla. R. Crim. P. 3.850(b). Rather, it was presumably untimely as an amendment because Avant filed it after the deadline set by the state court. To the extent it could be construed as a new and independent (and thus timely) Rule 3.850 motion, the state court denied it as successive under Rule 3.850(h). A state postconviction motion that is timely filed under state procedural rules but is denied as successive is considered a properly filed motion for AEDPA tolling purposes. *See Weekley v. Moore*, 244 F.3d 874, 876 (11th Cir. 2001). Avant's limitations period was thus tolled from October 19, 2020, until May 4,

2022, when the time to appeal denial of the motion expired.[1]  The limitations period resumed the next day, ran for 279 days, and ended on February 8, 2023.

Avant's federal habeas petition, which he constructively filed on March 27, 2023, appears untimely.  But there is a complication.  Avant claims he constructively filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on December 9, 2022.  He supports that claim with a copy of the motion, and it is indeed stamped as received by prison officials for mailing on December 9, 2022.  (Doc. 13-1 at 2).  Avant claims the Rule 3.800(a) motion was resubmitted and pending as of June 26, 2023, but that does not appear to be true.  The Court takes judicial notice of the online docket for Case 2015-CF-397 in the Circuit Court of the Twelfth Judicial Circuit in and for DeSoto County, Florida.  The last paper filed in that case is an order from the 2nd DCA dated April 28, 2022.[2]  Because no state court has accepted and reviewed the Rule 3.800(a) motion, this Court reserves judgment on whether it was properly filed.  Regardless, it does not appear the motion has ever been pending in state court, so it has no tolling effect.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even

---

[1] While his amended Rule 3.850 motion was pending, Avant filed and the 2nd DCA denied two petitions alleging ineffective assistance of appellate counsel.  These petitions had no impact on the AEDPA limitations period because the Court considers the time they were pending tolled by the amended Rule 3.850 motion.

[2] The Court also checked the state court's online records of other cases in which Avant is a party.  The Rule 3.800(a) motion does not appear on any of the dockets the Court reviewed.

'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.").

Considering the foregoing facts, the Court will dismiss Avant's § 2254 petition as untimely, but the dismissal will be without prejudice. The calculation of the AEDPA limitations period could change if the state court accepts the Rule 3.800(a) motion as constructively filed on December 9, 2022.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Avant has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

Petitioner Garrett Lee Avant's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED without prejudice**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 19, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record