UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARRETT LEE AVANT,

     Petitioner,

v.                          Case No.:  2:23-cv-215-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

## OPINION AND ORDER

Before the Court is Petitioner Garrett Lee Avant's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure, Rule 59(e) and 60; Request for Certificate of Appealability (Doc. 20).  The Court dismissed Avant's habeas petition as untimely and declined to issue a certificate of appealability.  (*See* Doc. 16).  Avant asks the Court to reconsider those decisions.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly.  *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020).  Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration.  *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015).  Parties generally may not "use

motions for reconsideration to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Continental Cas. Co. v. Winder Labs., LLC*, 73 F.4th 934, 940 n.8 (11th Cir. 2023) (cleaned up).

Avant focuses on an issue the Court addressed in its dispositive Opinion and Order:

> Avant claims he constructively filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on December 9, 2022.  He supports that claim with a copy of the motion, and it is indeed stamped as received by prison officials for mailing on December 9, 2022.  (Doc. 13-1 at 2).  Avant claims the Rule 3.800(a) motion was resubmitted and pending as of June 26, 2023, but that does not appear to be true.  The Court takes judicial notice of the online docket for Case 2015-CF-397 in the Circuit Court of the Twelfth Judicial Circuit in and for DeSoto County, Florida.  The last paper filed in that case is an order from the 2nd DCA dated April 28, 2022.  Because no state court has accepted and reviewed the Rule 3.800(a) motion, this Court reserves judgment on whether it was properly filed.  Regardless, it does not appear the motion has ever been pending in state court, so it has no tolling effect.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.").

(Doc. 16 at 4-5).

Avant argues his Rule 3.800(a) motion should toll the statute of limitations because it was "properly filed" under Florida's mailbox rule.  But as the Court explained, a properly filed state postconviction motion only tolls the time during which it is pending.  Avant does not address whether his Rule 3.800(a) motion was pending, and that is the dispositive issue.  Because

Avant's motion fails to address the reason his petition was dismissed, the Court will deny it.

As Avant notes in his motion, federal habeas courts give state courts deference when determining whether a state postconviction motion is "properly filed" and "pending." The Court dismissed Avant's petition without prejudice. If a state court determines Avant's Rule 3.800(a) motion has been pending since he delivered it to prison officials, Avant might be entitled to seek federal habeas relief after he exhausts available state remedies.

Accordingly, it is now

**ORDERED:**

Petitioner Garrett Lee Avant's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure, Rule 59(e) and 60; Request for Certificate of Appealability (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 13, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3